IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>v.<br><br>MARCUS ALEXANDER GARCIA,<br><br>　　　　　　　　Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO MODIFY JUDGMENT**<br><br>Case No. 2:13-cr-00180-DN-1<br><br>District Judge David Nuffer |

　　　　Defendant Marcus Garcia moves for an order granting him "credit for any and all available presentence confinement time he may have served in relation to the instant case prior to being sentenced on April 3, 2014."[1] For the reasons below, the Motion is DENIED.

## FACTS

　　　　On February 21, 2013, Mr. Garcia was taken into custody on federal and unrelated state charges.[2] On March 20, 2013, federal charges were filed against Mr. Garcia.[3] On May 7, 2013, Mr. Garcia was sentenced in state court for his state charges. The sentence for his state charges included up to 5 years of incarceration.

　　　　Almost a year later, in April 2014, Mr. Garcia was sentenced in federal court to 87 months incarceration for his federal charges. The Statement in Advance of Plea states that the United States agreed to "recommend that the Court order the 87 months imprisonment to run

---

[1] Motion Requesting the Issuance of Presentence Confinement Time ("Motion"), docket no. 62, filed Dec. 5, 2016.

[2] *Id.* at 1.

[3] *Id.*

concurrent with any time the defendant is ordered to serve in custody on State of Utah offenses."[4]

At the federal sentencing, the recommendation of 87 months was adopted, consistent with the parties' plea agreement, and Mr. Garcia was turned over to the custody of the Bureau of Prisons to serve the time "concurrently" with any state time, as the parties agreed. This sentence was reduced to a judgment which states: "The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 87 months, to run concurrent with any time the defendant is ordered to serve in custody on State of Utah offenses."[5]

## DISCUSSION

Based on the above facts, there is no reason to change the Judgment because it accurately reflects the agreement the parties made and presented to the judge at sentencing. That is, the parties agreed that Mr. Garcia would serve 87 months (7.25 years) for the federal charges to which he pled guilty. This agreement made no mention on the time Mr. Garcia had served in state custody before sentencing. Therefore, the plea agreement will not be disrupted.

"The court may not modify a term of imprisonment once it has been imposed . . . ."[6] Mr. Garcia does not identify any exception that would apply to his situation, and a review of the facts shows that none of the exceptions for modifying a term of imprisonment are applicable here. Rule 11(c)(1)(C), the rule pursuant to which Mr. Garcia and the United States executed their plea agreement, "permits the parties to agree that a specific sentence or sentencing range is the

---

[4] Statement in Advance of Plea Pursuant to Fed. R. Crim. P. 11(c)(1)(C) at , docket no. 42, filed Jan. 16, 2014.

[5] Judgment at 2, docket no. 49, filed Apr. 3, 2014.

[6] 18 U.S.C. § 3582(c).

appropriate disposition of the case, ... [a request which] binds the court once the court accepts the plea agreement."[7]

## ORDER

IT IS HEREBY ORDERED that the Motion[8] is DENIED. The Judgment[9] accurately reflects the parties agreement and will not be modified.

Dated January 9, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[7] *Freeman v. United States*, 564 U.S. 522, 527 (2011) (alteration in original).

[8] Motion Requesting the Issuance of Presentence Confinement Time ("Motion"), docket no. 62, filed Dec. 5, 2016.

[9] Judgment at 2, docket no. 49, filed Apr. 3, 2014.